UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Camille J. Kassar, Esquire
Law Offices of Camille J. Kassar
271 Route 46 West
Suite C-102
Fairfield, NJ 07004
973-227-3296
Fax:973-860-2448
Email:ckassar@locklawyers.com

Order Filed on March 2, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Juan V. Aponte

Case No.: 19-27833

Chapter: 13

Judge: VFP

# ORDER ON MOTION FOR AUTHORIZATION
# TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
# **(CHAPTER 13)**

The relief set forth on the following page is **ORDERED**.

**DATED: March 2, 2021**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on  2/15/2021 , as to the  First  mortgage *[enter first, second, third, etc.]* concerning real property located at 942-944 Van Buren Avenue, Elizabeth, NJ 07201 , and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

[X]    The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

[X] There is no order requiring the debtor to cure post-petition arrears through the Plan; or

[ ] Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

[ ] Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____ ; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

[ ] The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 19-27833-VFP |
| Juan V Aponte | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Mar 02, 2021 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 04, 2021:**

**Recip ID        Recipient Name and Address**
db            + Juan V Aponte, 942 Van Buren Street, Elizabeth, NJ 07201-1816

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 04, 2021            Signature:    /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 2, 2021 at the address(es) listed below:

**Name                Email Address**

Camille J Kassar
    on behalf of Debtor Juan V Aponte ckassar@locklawyers.com
    kassarcr75337@notify.bestcase.com,bbkconsultantllc@gmail.com,tdell@locklawyers.com

Denise E. Carlon
    on behalf of Creditor Bayview Loan Servicing  LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Marie-Ann Greenberg
    magecf@magtrustee.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 4