| |
|---|
| DISTRICT OF NEW JERSEY |
| UNITED STATES BANKRUPTCY COURT |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| Richard A. Gerbino, Esq. (ID #057351993) |
| Schiller, Knapp, Lefkowitz & Hertzel, LLP |
| A LLP Formed in the State of New York |
| 716 Newman Springs Road Suite 372 |
| Lincroft, NJ 07738 |
| (551) 280-9780 |
| Attorneys for Creditor, Prestige Financial Services, Inc. |

| In Re: | Case No.: 19-27833-VFP |
|---|---|
| Juan V Aponte, | Hearing Date: |
| Debtor. | Judge.: Vincent F. Papalia |
| | Chapter: 13 |

### CERTIFICATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)(1)

Prestige Financial Services, Inc. (hereinafter "Movant"), a creditor in the above-captioned bankruptcy case, by its counsel, Schiller, Knapp, Lefkowitz & Hertzel, LLP, as and for a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362(d)(1) or, in the alternative, for adequate protection, states the following as grounds therefor:

I, _Sara Niemann_____, am a _AVP Bankruptcy_ for Movant which is duly licensed to do business in the State of New Jersey. I have personal knowledge of all the facts and circumstances set forth in this Certification. I certify under penalty of perjury that the following facts are true and correct:

1

1. On September 18, 2019, the debtor, above-named, filed a Voluntary Petition in Bankruptcy under Title 11, Chapter 13, U.S.C., in the United States Bankruptcy Court for the District of New Jersey.

2. The Court has jurisdiction to entertain this motion under 28 U.S.C. §157.

3. Movant is a creditor herein and the holder of a security interest in one (1) 2018 Nissan Pathfinder SV Sport Utility 4D (hereinafter "collateral") owned by and, upon information and belief, in the possession and control of the debtor, above-named.

4. Pursuant to 11 U.S.C. §362, upon the commencement of the instant bankruptcy case, Movant is stayed from taking any action against the debtor to recover and sell the collateral.

5. On November 23, 2018, the Debtor, Juan V Aponte, entered into a Retail Installment Contract (hereinafter "Contract") for the purchase of the collateral and loan of monies in the amount of $33,986.15 with an interest rate of 15.99% for 72 months. Pursuant to the terms and conditions of the Contract, the dealer was granted a purchase money security interest in the collateral to secure the loan. Thereafter, the Contract, pursuant to its terms, was duly assigned by the dealer to Movant for good and valuable consideration. Movant is now the holder and owner of said Contract. A copy of the Contract and evidence of the recorded lien are collectively annexed hereto and referred to as Exhibit "A" and made a part hereof.

6. Upon information and belief, the debtor continues to enjoy the use and possession of the collateral.

7. As of January 4, 2022, the debtor was in default of payment obligations to Movant pursuant to the terms and conditions of the Contract as follows:

    a. Net balance due: $28,055.93

    b. The contractual monthly payment is $741.68

    c. Post-petition contractual arrears: partial payment of $735.44 for September, 2021 and full payments of $741.68 for October, 2021 through January, 2022, together with applicable fees

    d. Total post-petition arrears : $3,590.48

8. Movant requests an award of reasonable costs in the amount of $188.00 and attorney's fees in the amount of $350.00 pursuant to the terms of the underlying Contract.

9. Movant has ascertained that the wholesale value of its security is $23,825.00 based on NADA Used Car Guide's estimated value of the collateral in average condition. A copy of the NADA guide page for the month of January 2022 is annexed hereto and made a part hereof as Exhibit "B".

10. 11 U.S.C. §362(d) provides for circumstances under which the Court may terminate, annul, modify, or condition the automatic stay. Specifically, 11 U.S.C. §362(d)(1) and (2), provide:

> "(d) On request of a party in interest and after a notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

 (2) with respect to a stay of an act against property under subsection (a) of this section, if –

  (A) the debtor does not have an equity in such property; and

  (B) such property is not necessary to an effective reorganization."

11. Debtor's failure to make payments is a default under the Contract constituting cause for termination of the stay to allow the Movant to protect its interests in the collateral, which is depreciating.

12. It is respectfully asserted that Movant's interest in the collateral will not be adequately protected if the automatic stay is allowed to remain in effect.

13. Sufficient cause exists to grant Movant relief from the automatic stay which includes the following:

 a. The Debtor is in default under the terms and conditions of the Contract

 b. The security interest of Movant with respect to the collateral is not adequately protected as envisioned under 11 U.S.C. §361.

14. In the event relief from the automatic stay is granted, then Movant shall provide surplus monies to the trustee.

15. No prior application for the relief requested herein has been made.

WHEREFORE, Movant respectfully requests that pursuant to 11 U.S.C. §362 the Court issue an Order granting Movant relief from automatic stay in order to obtain possession and dispose of its collateral and allowing that surplus monies be

directed to the trustee, and for such other and further relief as to the Court may seem just and proper.

DATED:__Janurary 21, 2022

By:  _Sara Niemann_____
Title: _AVP Bankruptcy_____